**NOTE CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED YOUSSOUF ABDALLAH, et al.,<br><br>Plaintiffs<br><br>vs.<br><br>INTERNATIONAL LEASE FINANCE CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 14-06769-DSF-SSx<br><br>***DISCOVERY MATTER***<br>*Amended*<br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the terms of this protective order shall govern the pretrial phase of this action.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential Information," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential Information," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

1

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential Information," or other designation(s) used by parties, does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Once a case proceeds to trial, all of the information, documents, and things discussed or introduced into evidence at trial that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in

advance of the trial. See e.g., *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006).

## TERMS OF PROTECTIVE ORDER

1. **Definitions of Plaintiffs and Defendants.**

    A. "Plaintiffs" include all individuals named as such in the Complaint and any other person or entity named subsequently as a Plaintiff, Third-Party Plaintiff, or Cross-Claim Plaintiff in this action.

    B. "Defendants" include all those named as such in the Complaint and any person or other entity subsequently named as a Defendant, Third-Party Defendant, or Cross-Claim Defendant in this action.

2. **Confidential Information**. During the course of this action, any party may produce documents, information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c); and that the party in good faith believes needs to be protected from disclosure. Such documents, information or tangible things may be designated as "Confidential Information" by the process set forth in Paragraph 6 of this Order, but only after review by an attorney for the producing party as provided in Paragraph 6 of this Order. In addition, the protections conferred by this Order shall also extend to any information copied or extracted from information protected herein, as well as all copies, excerpts, summaries, or compilations of this protected information, plus deposition testimony, conversations, or presentations by parties or counsel in other settings that might reveal this protected information. Confidential Information shall be limited to information and documents that have not been disclosed by the designating party, or others with whom the designating party has a relationship, and that are required to be maintained as confidential. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation, including without limitation discovery, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

3. **Duty of Good Faith**. A designating party shall use good faith in designating information as "Confidential Information," making such designation only when the designating party reasonably believes there is a legitimate reason for the restrictions on disclosure called for by the designation. To avoid the potential for uncertainty, all designations must be limited and specific to the information for which a claim of protection is deemed to be warranted.

To assist all parties in identifying and tracking Confidential Information, each document or other information designated as "Confidential Information" shall be accompanied by a Confidentiality Log that sets forth the following information to enable the parties to readily identify the information for which a claim of confidentiality is made:

    A.    The specific language and/or other matter for which confidentiality is sought;

    B.    The specific location of the claimed Confidential Information identified by page/line, page/paragraph, and/or any other appropriate manner of identifying the location of the Confidential Information within the document(s) produced;

    C.    The nature and/or basis of the claim for confidentiality.

A party challenging the designation of information as "Confidential Information" shall do so only when it has a good faith basis to believe the designated information is not entitled to legal protection as confidential.

4. **Limitations on Disclosure**. Information designated as "Confidential Information" shall not be disclosed, copied, or disseminated to anyone, by any person or entity, except as provided herein.

    A.    Disclosure of information designated "Confidential Information" shall be restricted to the following:

        i.    members and employees of the law firms appearing in this action as counsel of record;

        ii.    up to two (2) designated representatives of Plaintiffs;

    iii.    officers, directors and employees, including in-house counsel, former employees of Defendants, and their insurers and re-insurers;

    iv.    the Court and its personnel;

    v.    court reporters and videographers involved in depositions in this litigation and their employees;

    vi.    consultants or experts retained by counsel of record for this litigation who have agreed to be bound by and to comply with this Order. These persons shall not use such information for any purpose other than this litigation and shall not disclose such information to any person not specifically authorized by this Order;

    vii.    litigation consultants, copy services, and other third parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation, provided that they have agreed to be bound by and to comply with this Order; and

    viii.    deponents, witnesses, or potential witnesses (and their counsel), provided that such individuals shall not be allowed to retain Confidential Information but may inspect it as necessary for purposes of preparing for examination.

5. **Agreement to Abide by Confidentiality Order**. The members and employees of counsel for Plaintiffs and Defendants listed as counsel on this Order, together with any outside copying or document production service used by them (collectively, the "Lawyers"), need not be identified or provided written acknowledgment of this Order, it being understood and acknowledged by the Lawyers that they are bound by the terms of this Order. Moreover, no court reporters, videographers, Court, or court personnel will be required to provide a written acknowledgment of this Order. However, counsel will work in good faith to provide notice of this Order to any court reporters, videographers, Court, or court personnel who may receive Confidential Information. Similarly, designated representatives of Plaintiffs, as well as Defendants' officers, directors,

Case 2:14-cv-06769-DSF-SS Document 66 Filed 01/21/16 Page 6 of 13 Page ID #:1937

employees (including in-house counsel), insurers and re-insurers, need not provide a written acknowledgment of this Order, although counsel will provide notice of this Order to Plaintiffs and Defendants.

Prior to disclosing information designated as Confidential Information to any other persons specified in Paragraph 4 of this Order, the party receiving the information shall first give a copy of this Order to such persons who shall read and be fully familiar with their obligations to comply with this Order. Before such persons may review any Confidential Information, they must sign a copy of the Confidentiality Agreement attached hereto as Exhibit A. The original executed Confidentiality Agreement(s) shall be kept by the receiving party's attorneys of record.

6. **Methods of Designation**. Any document produced in this litigation containing Confidential Information, or any written discovery response containing Confidential Information, shall be marked by the designating party with the legend: "Confidential Information – Abdallah v. ILFC, Case No. 14-06769, C.D. Cal." Deposition testimony may be designated as Confidential Information during the course of the deposition by counsel for the party whose information is disclosed in the testimony or in writing served upon all parties by specifically noting the page and line numbers designated within thirty (30) days after the designating party received a copy of the final deposition transcript. If testimony is designated as Confidential Information, the court reporter shall insert a page break in the written record of the deposition, and make the appropriate legend on each page of the deposition transcript where such designated testimony appears. The cover page of a deposition transcript containing any designated portions shall indicate that it contains portions of testimony subject to a protective order. During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony in its entirety shall be designated and treated as Confidential Information.

7. **Depositions Involving Confidential Information**. Unless otherwise agreed by the parties, no one may attend the portions of any depositions at which Confidential

Information is shown or discussed other than this Court and its personnel, the court reporter, the videographer (if any), and such other individuals duly qualified under Paragraph 4 of this Order.

8. **Filing Confidential Information with the Court**. Any pleading filed or lodged with the Court containing Confidential Information shall be submitted with an appropriate application or motion to the Court for sealing in accordance with the terms of this Order, the procedures set forth in Central District of California Local Rule 79-5 and section 6 of Judge Dale S. Fischer's Initial Standing Order (ECF Doc. No. 63).

9. **Presentation of Confidential Information at Trial or in Other Court Proceedings**.

Any use of Confidential Information at trial or in any other ~~potentially dispositive~~ or *[SHS]* Court proceeding *other than a discovery motion (SHS)* shall be governed by further order, upon appropriate motion, application, or request of a party, of the District Judge who will try the case and/or preside over the Court proceeding. ~~Any such motion, application, or request, which pertains to the use of Confidential Information at trial, shall be presented, if practicable, by not later than at the final Pretrial Conference. With respect to testimony during trial and/or other proceedings before the Court, if counsel for any party deems that any question or line of questioning, which was not previously the subject of a motion, application, or request pursuant to this paragraph, calls for the disclosure of Confidential Information, then counsel shall alert the Court immediately to this concern, and the Court may take such action, if any, it deems appropriate to protect the Confidential Information.~~ *[SHS]*

10. **Public Knowledge or Independent Acquisition**. Notwithstanding any other provision of this Order, no person shall be precluded from using or disclosing, in any lawful manner, any Confidential Information that, prior to disclosure: (a) is public knowledge; (b) was independently known by that person; (c) after disclosure, either is independently and lawfully developed or is acquired by the receiving party from any source, other than the designating source, unless the receiving party knows or should know that the person came into possession of such Confidential Information unlawfully;

or (d) becomes public knowledge other than by an act or omission of the receiving party. The burden of proving prior possession, prior knowledge, or prior public knowledge of such Confidential Information shall be on the receiving party. [pursuant to L.R. 37.]

11. **Disputes Over Designation**. This Order shall not preclude any party from bringing before this Court, at any time, the question of whether any particular information is properly designated as Confidential Information. If a party disputes the designation of particular information as Confidential Information, that party has the burden to seek relief from the Court, and the party asserting the propriety of any designation has the burden to defend the designation. In its request for relief from the Court, the party disputing the designation of any information shall provide specific citations to the particular information that it believes in good faith is not Confidential Information. [See L.R. 37.] ~~Prior to bringing any motion, the parties shall meet and confer in good faith to attempt to resolve the dispute. If the dispute cannot be resolved, there shall be no disclosure inconsistent with the limitations on disclosure provided for under this Order for the designation in dispute, absent an express ruling by the Court granting permission for the disclosure.~~   A party challenging the designation of material as Confidential Information shall make every reasonable effort to assert its challenge more than sixty (60) days before the start of trial, unless such material or information is produced within the sixty (60) day period.

12. **Inadvertent Failure to Designate**. Inadvertent failure to designate qualified information as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Parties shall use reasonable care in designating qualified information as Confidential Information. If material is appropriately designated as Confidential Information after the material was initially produced, the party receiving the information, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Where a party or third party (pursuant to Paragraph 13 of this Order) to this action changes the confidentiality designation under

this Order, that party or third party shall promptly furnish the information re-designated in accordance with Paragraph 6 above.

Similarly, an inadvertent disclosure of information protected by the attorney-client privilege, work product doctrine or other applicable law, privilege, doctrine or immunity, shall not constitute or be deemed a waiver or forfeiture of the law, privilege, doctrine, or immunity protecting that information. If allegedly protected material is produced, then the receiving party, upon request from the producing party, shall promptly (within five (5) business days) return to the producing party the protected material and all copies in the receiving party's possession. The receiving party shall use its best efforts to obtain all copies of the protected material that it may have disseminated to others and return the copies to the producing party.

Under no circumstances shall the fact or circumstance of an inadvertent production of Confidential Information be used as a ground for the granting of a motion to compel. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of Confidential Information.

13. **Third-Parties**. A third-party subject to a discovery or trial subpoena issued by a party in this case shall have the right to make the designations provided by this Order. If such third-party elects to make such designations, and places the appropriate legends as provided by this Order, and signs the Confidentiality Agreement, any information so designated shall be subject to the same restrictions as information designated by a party to this action. Further, if a party's information is disclosed by a third-party, then the party shall have fifteen (15) business days after disclosure by the third-party to designate such information as Confidential Information in accordance with this Order.

14. **No Waiver**. Nothing in this Order shall be deemed a waiver of the right of any party to oppose production of any information or material on any available grounds or to object to the authenticity or admissibility of any document, testimony, or other evidence.

15. **Advance Notification of Potential Third-Party Disclosures**. If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another

action or proceeding; (b) is served with a demand in another action or proceeding to which he or it is a party or is otherwise involved; (c) receives an open records or public information request; or (d) is served with any other process by an entity not a party to this litigation, who or which is seeking material designated as Confidential Information by someone other than the Receiver, the Receiver shall give actual written notice, by hand delivery or facsimile transmission within five (5) business days of receipt of such subpoena, demand or process, to those who designated the material as Confidential Information. The Receiver shall also serve and/or file an appropriate objection to the demand or request. The Receiver shall not produce any such Information for a period of at least fifteen (15) business days, or within such lesser time period as ordered by a court (the "Response Period"), after providing the required notice to the designating party. If, within the Response Period, the designating party gives notice to the Receiver that the designating party opposes production, then the Receiver shall not thereafter produce such information except pursuant to a court order requiring compliance with the subpoena, demand, or other process. The designating party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to appeal any order requiring production of Confidential Information covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order or to seek any relief from the Court. Nothing in this paragraph should be construed as authorizing a Receiver to disobey a lawful directive from another court.

16. **Unauthorized Disclosure of Confidential Information**. If a party receiving protected material learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order.

17. **Return of Confidential Information**. Materials containing Confidential Information shall be returned by the Receivers other than the Court and its personnel to the party producing them or destroyed within thirty (30) days after the termination of this action, except that the attorneys for each party can keep a copy of transcripts, pleadings and exhibits and maintain them in confidence. In the event of a destruction of materials, counsel shall certify in writing that destruction has occurred.

18. **Duration**. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until ~~the designating party agrees otherwise in writing~~ or as set forth in or a court order otherwise directs, ~~consistent with~~ L.R. 79-7.1.

19. **Amendments by Stipulation and Court Order**. This Order may be amended by the Court or pursuant to a stipulation by the parties and the entry of a Court order thereon. Any such stipulation must be filed with a proposed Court order.

20. **Sanctions**. Each party and each person bound by this Order or to be bound by this Order understands that the party or person may be subject to sanctions or other appropriate relief by the Court for violations of this Order, including costs and attorneys' fees and any other relief authorized by applicable law.

~~21. **No Contract**. This Order is not a contract or agreement between the parties, and creates no private rights of any sort or character in any person. [ . . . .] Nothing in this Order shall limit the right of a party to seek additional or other limitations on information disclosed during the course of this litigation which the Court could otherwise order for good cause shown. Nothing in this Order shall limit the right of any party to seek modification of this Order at a future date.~~

1   IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

2

3   Dated: January 15, 2016         NELSON & FRAENKEL LLP

4
                                    By: /s/ Nicole Andersen
5                                       Stuart Fraenkel
                                        Nicole Andersen
6                                   Attorneys for Plaintiffs

7
                                    BRENT, FIOL & PRATT LLP
8

9                                       David L. Fiol
                                    Attorneys for Plaintiffs
10

11                                  KREINDLER & KREINDLER LLP

12
                                        Gretchen M. Nelson
13                                  Attorneys for Plaintiffs

14

15  Dated: January 15, 2016         LOCKE LORD LLP

16
                                    By: /s/ Susan J. Welde
17                                      Susan J. Welde
18                                  Attorneys for Defendant INTERNATIONAL LEASE
                                    FINANCE CORPORATION
19

20

21

22

23

24

25

26

27

28

1 [~~PROPOSED~~] ORDER

2 PURSUANT TO Amended STIPULATION, IT IS SO ORDERED.
3 AND FOR GOOD CAUSE SHOWN,

5 Dated: 1/21/16     _____SH Segal_____
         Suzanne H. Segal
6        UNITED STATES MAGISTRATE JUDGE